UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORMA DAIGLE** | * | **CIVIL ACTION No.:** |
|   **Plaintiff** | * | |
| | * | **DIVISION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **FAMILY DOLLAR STORES OF** | * | |
| **LOUISIANA, INC., JANE DOE,** | * | **MAGISTRATE:** |
| **MANAGER AND XYZ INSURANCE CO.** | * | |
|   **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION FOR REMOVAL

Defendants, Family Dollar Stores of Louisiana, Inc. and Cheryl Starks, file this Petition for Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1) Plaintiff, Norma Daigle, a Louisiana citizen, filed her Petition for Damages on November 4, 2017, against Family Dollar Stores of Louisiana, Inc., which is a Delaware corporation with its principal place of business in Matthews, North Carolina. (See Plaintiff's Petition for Damages, which is attached hereto and included as Exhibit "A").

2) Plaintiff, Norma Daigle, filed a First Supplemental and Amending Petition for Damages on May 24, 2018, replacing "Jane Doe" with "Cheryl Starks" as the alleged manager of the subject Family Dollar Stores of Louisiana, Inc. location. (See Plaintiff's First Supplemental and Amending Petition which is attached hereto and included as Exhibit "B").

3) Defendant, Family Dollar Stores of Louisiana, Inc., was served through its registered

       agent for service of process, CT Corporation System, with a copy of the Citation and Petition on December 7, 2017. The defendant, Cheryl Starks, was served by personal service on June 1, 2018 (See service of Process Notices and Citations attached hereto *in globo* and marked for identification as Exhibit "C").

4)     Defendant, Cheryl Starks, an employee of Family Dollar Stores of Louisiana, Inc., would have no personal liability for plaintiff's alleged accident, and has been fraudulently joined to defeat diversity jurisdiction.

5)     The suit seeks damages from Family Dollar Stores of Louisiana, Inc. and Cheryl Starks for personal injuries allegedly sustained by plaintiff, as a result of an incident that occurred at the Family Dollar Store located at 4132 E. Judge Perez, Meraux, Louisiana 70075 on June 30, 2017.

6)     Plaintiff's Petition for Damages is silent as to the amount in controversy, except to state in the prayer of the Petition for Damages that the petitioner "requests a trial by jury."

**I.**     **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

7)     28 U.S.C. § 1332 provides federal district court with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum of or value of $75,000.00, exclusive of interest and costs, and is between, - (1) citizens of different States."

    **A.**     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8)     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00, or (2) 'by setting forth *the facts* in

controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical, Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R &H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

9) On May 29, 2018, undersigned counsel for defendants received electronic mail correspondence from counsel for plaintiff, Norma Daigle, informing of the status of Norma Daigle's medical treatment, "[s]he had the first of two Lumbar ESI procedures done on April 22nd. A second ESI is scheduled on May 31. Thereafter, he [Dr. Dominic Greishaber] plans on scheduling a nerve burning (Ablation) procedure..." The quantum value for general damages associated with similar medical treatment is in excess of $75,000.00. See *Parker v. Delta Well Surveyors, Inc.*, 791 So.2d 717 (La. App. 4 Cir. 2001) and cases cited therein ($300,000.00 general damage award affirmed for lumbar and cervical neurotomies). Further, this Removal Petition is timely as it is filed within thirty (30) days of receipt of papers establishing the existence of diversity jurisdiction. (Please see correspondence from Michael Ginart, Esq. attached hereto as Exhibit "D").

**B.     COMPLETE DIVERSITY**

10) Defendant, Family Dollar Stores of Louisiana, Inc., is a Delaware corporation with its principal place of business in Matthews, North Carolina.

11) Plaintiff, Norma Daigle, is a resident of and domiciled in St. Bernard Parish, State of Louisiana.

12) Defendant, Cheryl Starks, is an employee of Family Dollar Stores of Louisiana, Inc., and domiciled in St. Bernard Parish, State of Louisiana. However, Ms. Starks has no

personal liability for plaintiff's alleged accident, and she has been fraudulently joined to defeat diversity jurisdiction. The standard for judging fraudulent joinder claims is clearly established in this circuit - after all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100-01 (5th Cir. 1990). Plaintiff has made no allegation that Cheryl Starks was a custodian of property who could be personally at fault under Civil Code Article 2317. Instead, plaintiff merely claims that Cheryl Starks was employed by defendant and possibly caused plaintiff injuries. These allegations are insufficient to establish Cheryl Starks' control or custody. See *Patterson v. Radiator Specialty Co.*, No. 10-2007, 2012 WL 1565286, at *2 (E.D.La. May 2, 2012) ("Plaintiff has cited no case and the Court is unaware of one that finds executive officers having the requisite control to state a cause of action against them under art. 2317."); *Cologne v. Shell Oil Co.*, No. 12-7345, 2013 WL 5781705, at *5-6 (E.D.La. Oct. 25, 2013) ("It is implausible to think that two employees ..., who did not hold a formal executive office, maintained enough direction and control over company-owned equipment" to owe a duty to the injured third party under article 2317.); *Janko v. Fresh Mkt., Inc.*, No. CIV.A. 13-648-SDD, 2014 WL 2949306, at *5 (M.D. La. June 27, 2014).

13) Accordingly, there is complete diversity of citizenship between the plaintiff and the defendants.

14) This is a civil action over which the United States District Court for the Eastern

District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.,* as the amount in controversy, evidenced by electronic mail correspondence from counsel for Norma Daigle, exceeds **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS** ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

II. **FAMILY DOLLAR STORES OF LOUISIANA, INC. AND CHERYL STARKS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

15) Defendant, Family Dollar Stores of Louisiana, Inc., was served through its registered agent for service of process, CT Corporation System, with a copy of the Citation and Petition on December 7, 2017. Defendant, Cheryl Starks, was served by personal service on June 1, 2018. (See service of Process Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "C").

16) Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy.

17) Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006. (See Exhibit "A").

18) On May 29, 2018, undersigned counsel for defendants received electronic mail correspondence from counsel for plaintiff, Norma Daigle, informing of the status of Norma Daigle's medical treatment, "[s]he had the first of two Lumbar ESI procedures done on April 22nd. A second ESI is scheduled on May 31. Thereafter, he [Dr. Dominic Greishaber] plans on scheduling a nerve burning (Ablation)

procedure..." The quantum value for general damages associated with similar medical treatment is in excess of $75,000.00. See *Parker v. Delta Well Surveyors, Inc.*, 791 So.2d 717 (La. App. 4 Cir. 2001) and cases cited therein ($300,000.00 general damage award affirmed for lumbar and cervical neurotomies). Further, this Removal Petition is timely as it is filed within thirty (30) days of receipt of papers establishing the existence of diversity jurisdiction. (Please see correspondence from Michael Ginart, Esq. attached hereto as Exhibit "D").

19) Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C.§ 1332, which grants federal courts concurrent jurisdiction over claims where the matter in controversy exceeds the sum or value of **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS (75,000.00),** exclusive of interest and costs, and is between citizens of different States.

20) The 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21) No previous application has been made by defendants, Family Dollar Stores of Louisiana, Inc. and Cheryl Starks, in this case for the relief requested herein.

22) Pursuant to 28 U.S.C.§ 1446(a), a certified copy of the 34th Judicial District Court's record is attached hereto as Exhibit E.

23) Pursuant to 28 U.S.C.§ 1446(a), a copy of this Petition for Removal is being served upon counsel for plaintiff, and a Notice of Removal is being forwarded to be filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St.

Bernard, State of Louisiana, and sent to the counsel for plaintiff.

24) Defendants, Family Dollar Stores of Louisiana, Inc. and Cheryl Starks, desire and are entitled to a trial by jury of all issues.

**WHEREFORE**, defendants, Family Dollar Stores of Louisiana, Inc. and Cheryl Starks, hereby remove this action from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

    s//Jack E. Truitt
JACK E. TRUITT, BAR NO. 18476, T.A.
AMBER L. MITCHELL, BAR NO.28846
PETER M. GAHAGAN, BAR NO. 33137
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
NANCY N. BUTCHER, BAR NO. 24178
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Family Dollar Stores of Louisiana, Inc. and Cheryl Starks

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on June 28, 2018.

    s//Jack E. Truitt