# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMA DAIGLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6334** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 7). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This personal injury suit arises out of Plaintiff Norma Daigle's fall in a Family Dollar store in Meraux, Louisiana. A slippery mess produced by a leaking hair product allegedly caused Daigle's fall, in which she hit her head and broke her glasses, on June 30, 2017. Another customer allegedly told store employees about the mess before Daigle fell. The fall caused Daigle to injure her ankle, head, face, and back.[1]

Daigle sued Defendants Family Dollar Stores of Louisiana, Inc. ("Family Dollar"), the store's owner; Cheryl Starks, the store's manager; and the store's insurance company in Louisiana's 34th Judicial District Court for St. Bernard

---

[1] *See* Doc. 1-2.

Parish.[2] On June 28, 2018, Family Dollar timely removed Daigle's suit to this Court on diversity grounds.[3] Even though both Plaintiff and Defendant Starks are Louisiana citizens, Defendant Family Dollar—a citizen of Delaware and North Carolina—argues that complete diversity exists on the ground that Starks was improperly joined to Plaintiff's suit.[4] Plaintiff responded with the instant Motion to Remand on July 30, 2018.[5] She argues that because Starks may be liable to her, she is not improperly joined. Therefore, Plaintiff argues, complete diversity does not exist, and this Court should remand this suit to state Court. Defendants oppose.[6]

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[7] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[8] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[9] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of

---

[2] Although Daigle's original Petition identified Starks as "Jane Doe, Manager/Employee," Daigle later amended her petition to identify Starks by name. Doc. 1-2 at 1, 7.
[3] *Id.* at 1–2.
[4] *See* Docs. 1, 10.
[5] Doc. 7.
[6] *See* Doc. 10.
[7] 28 U.S.C. § 1441.
[8] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[9] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).

remand."[10] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[11]

## LAW AND ANALYSIS

Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant.[12] Here, Plaintiff and Defendant Starks share Louisiana citizenship. Nevertheless, under the improper joinder doctrine, district courts may disregard the citizenship of a defendant for diversity purposes if "the plaintiff has failed to state a claim against that defendant on which relief may be granted."[13] The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper."[14] "When . . . a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice."[15]

In her Complaint, Plaintiff alleges that Starks's negligence contributed to her fall. To establish a prima facie negligence case against a store's employee under Louisiana law, a plaintiff must show that: (1) the plaintiff suffered damages as a result of the breach of a duty owed by the employer to a third person; (2) the employer delegated that duty to the employee; (3) the employee breached the duty "through personal (as contrasted with technical or vicarious)

---

[10] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[11] 28 U.S.C. § 1447(c).
[12] *See* 28 U.S.C. § 1332(a). *See also* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)). Diversity jurisdiction also requires an amount in controversy of more than $75,000. 28 U.S.C. § 1332. Plaintiff, however, effectively concedes in her Motion to Remand that the amount in controversy in this suit is more than $75,000. *See* Doc. 7.
[13] Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 202 (5th Cir. 2016). *See also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[14] *In re* 1994 Exxon Chem. Fire, 558 F.3d 378, 384 (5th Cir. 2009) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004)).
[15] *Int'l Energy Ventures*, 818 F.3d at 209 (emphasis in original).

fault;" and the level of personal fault was more than breach of a "general administrative duty," instead involving "a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[16] All four elements must be met to establish liability.[17]

Here, Plaintiff alleges "[t]hat upon information and belief, another customer had made the employees of Family Dollar aware of the broken/leaking hair product but the employees failed to clean it up and/or place any warning signs in the area to warn patrons of the hazardous conditions."[18] Plaintiff further alleges the following specifically against Defendant Starks:

1. In failing to keep the aisles in a safe condition knowing that persons having to happen down said aisles could be harmed or otherwise injured;

2. By allowing the store to be in an unsafe and hazardous condition knowing that persons having to occasion said premises could be injured;

3. By allowing the floor to be unsafe, hazardous and wet condition knowing that persons having to occasion said premises could be injured;

4. Failing to properly remedy the condition when they knew or should have known of the inherently dangerous condition;

5. In failing to clean up a foreign matter on the floor which created an inherently dangerous condition;

6. In failing to post warning and/or caution signs, cones and/or barricades, warning patrons of the potentially dangerous condition of the floor;

7. In failing to use due care to prevent the dangerous and hazardous condition that the rug created;

---

[16] Canter v. Koehring Co., 283 So. 2d 716, 721 (La. 1973). *See* Wright v. ANR Pipeline Co., 652 F. App'x 268, 270 (5th Cir. 2016) (explaining that the plaintiffs failed to establish personal liability under Louisiana law by failing to meet the requirements of *Canter*).
[17] *Canter*, 283 So. 2d at 721.
[18] Doc. 1-2 at 3.

4

8. Failure to promulgate, implement, enforce and/or carryout the appropriate procedures to keep said floor/aisles in a safe condition;

9. In failing to promulgate adequate policies and procedures to inspect and maintain high traffic aisles to keep them free from unsafe conditions; and

10. Other acts of negligence, also to be shown to have been the proximate cause of the accident, following their discovery and presentation in evidence at trial of this cause.

Nowhere in these allegations does Plaintiff allege that Family Dollar delegated any duty whatsoever to Starks or that Starks engaged in any conduct that would expose to her personal liability. Alleging that unspecific Family Dollar employees knew about the hazard before Plaintiff slipped does not amount to an allegation that Starks herself knew about it before Plaintiff's fall. Instead, these allegations represent "a classic case of attempting to place liability upon an employee 'simply because of [her] general administrative responsibility for performance of some function of employment.'"[19] Under such circumstances, Plaintiff cannot recover against Starks under Louisiana law.[20]

Defeating a claim of improper joinder in this context requires allegations that a store's employee breached a personal duty to a customer and engaged in personal conduct that caused a plaintiff's injury.[21] Plaintiff here fails to make

---

[19] Giles v. Wal-mart Louisiana LLC, No. 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (Barbier, J.) (quoting Rushing v. Wal-Mart Stores, Inc., No. 15-269, 2015 WL 1565064, at *4 (E.D. La. April 8, 2015) (Vance, J.)).

[20] Id. See also Rushing, 2015 WL 1565064, at *4 ("[P]laintiff does not allege that [the employee] knew of or actively contributed to any alleged unsafe conditions."); Janko v. Fresh Mkt., Inc., No. 13-648, 2014 WL 2949306, at *5 (M.D. La. June 27, 2014) ("[Plaintiff] does not claim that Jane Doe was personally responsible for inspecting and choosing the floral merchandise to sell, personally created the defect in the vase, or personally caused Plaintiff's injury.").

[21] See, e.g., Gerald v. Hosp. Properties Tr., No. 09-2989, 2009 WL 1507570, at *4 (E.D. La. May 27, 2009) (Africk, J.) ("[Plaintiff] also asserts a claim that these managers were personally at fault for their decision to have the plastic covering placed on the gate and their failure to have the same removed."); Lounsbury v. Winn-Dixie Louisiana, Inc., No.

such allegations against Starks. Therefore, Family Dollar has met its burden to show that Plaintiff's allegations create no possibility of recovery against Starks personally. As such, Starks has been improperly joined.

Accordingly, complete diversity exists because the amount in controversy exceeds $75,000 and Plaintiff is a Louisiana citizen while the only properly joinder Defendant, Family Dollar, is a citizen of Delaware and North Carolina. Because this Court has subject matter jurisdiction over Plaintiff's claim against Family Dollar, Plaintiff's Motion to Remand is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**, and Defendant Cheryl Starks is **DISMISSED** without prejudice.

New Orleans, Louisiana this 9th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

95-2544, 1995 WL 626211, at *2 (E.D. La. Oct. 20, 1995) (Vance, J.) ("[The plaintiff' alleges that [the employee] breached his duty to him by obstructing his passage and negligently tripping him. The alleged negligence does not arise out of a 'general administrative responsibility,' but from a personal duty [the employee] owes to [the plaintiff]."); Flitter v. Walmart Stores, Inc., No. 09-236, 2009 WL 2136271, at *3 (M.D. La. June 19, 2009), at *3 ("[The employee's] alleged knowledge of the defective condition that caused plaintiff's accident gives rise to a heightened duty to the store patrons. Thus, a finding that [the employee] failed to remedy a known defective condition may give rise to personal fault . . . ."), *report and recommendation adopted*, No. 09-236, 2009 WL 10678985 (M.D. La. July 15, 2009).