# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMA DAIGLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6334** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Family Dollar Stores of Louisiana, Inc.'s Motion for Summary Judgment (Doc. 33). For the following reasons, the Motion is DENIED.

## BACKGROUND

This personal injury suit arises out of Plaintiff Norma Daigle's fall in a Family Dollar store in Meraux, Louisiana on June 30, 2017. Plaintiff alleges that she slipped and fell in a substance on the floor of an aisle at the store. Defendant Family Dollar Stores of Louisiana, Inc. has moved for summary judgment on Plaintiff's claims against it, arguing that she cannot prove that it had actual or constructive knowledge of the substance on the floor prior to her fall.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

# LAW AND ANALYSIS

The Louisiana Merchant Liability Statute provides a negligence cause of action to people who suffer an injury in a business because of an unsafe condition at the business.[9] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on her claim.[10] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[11]

A failure to make a clear showing of any one element under the statute is fatal to a plaintiff's claim.[12]

Defendant argues that Plaintiff cannot succeed on her claim because she has no evidence that it had actual or constructive knowledge of the substance on the floor prior to her fall. In support, Defendant submits testimony from Plaintiff's deposition in which she states that she does not know what the substance on the floor was, how it came to be on the floor, or how long it had been on the floor prior to the accident. Defendant argues that Plaintiff

---

[9] LA. REV. STAT. § 9:2800.6.
[10] *Id.* § 9:2800.6(B).
[11] *Id.*
[12] White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997).

therefore cannot create a material issue of fact as to the notice element of her claim.

In response, Plaintiff submits the deposition testimony of Shaekitha Ashby. Ms. Ashby's name and number were produced by Family Dollar in response to Plaintiff's request for the identity of a woman who assisted Plaintiff after her fall. Ms. Ashby testified that did not see Plaintiff or witness a fall but that she was in the Family Dollar store in June or July of 2017 and noticed a spill on the floor. She testified that she reported the spill to the manager and that the manager wrote down her name and number. She further testified that she heard someone yelling as she was leaving the store. Although it is not clear, as Defendant points out, whether Ms. Ashby was in the store on the day that Plaintiff fell, her testimony is certainly sufficient to create a material issue of fact as to whether Defendant had actual or constructive notice of the spill prior to Plaintiff's fall. Accordingly, summary judgment would be inappropriate.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.

New Orleans, Louisiana this 13th day of January, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**